### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEON D. HILLIARD (No. R63769) and )
DENZEL L. HARRIS (No. M47960), )
                                              )
          **Plaintiffs,** )
                                                )
       vs. )          **Case No. 15-cv-05-NJR**
                                                )
S.A. GODINEZ,  and )
JAMES LUTH, )
                                                )
          **Defendants.** )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiffs Deon D. Hilliard and Denzel L. Harris, inmates in Vandalia Correctional Center ("Vandalia"), bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of confinement at Vandalia.  In accordance with *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), by order dated January 28, 2015, Hilliard and Harris were informed that they each would have to pay a filing fee, warned about the hazards associated with joint litigation, and given an opportunity to opt out of this action.  Neither plaintiff has opted out.

Although Hilliard and Harris are proceeding with the knowledge that they each are now obligated to pay the $400 filing fee ($350 if pauper status is granted), neither of them has paid the $400 fee or *properly* moved for leave to proceed as a pauper under 28 U.S.C. § 1915.  *See generally Jones v. Assoc. of Flight Attendants-CWA*, No. 14-1482, 2015 WL 400905 at *3 (7th Cir. Jan. 30, 2015) (requiring either payment of the filing fee or a motion to proceed as a pauper). The joint motion for leave to proceed *in forma pauperis* (Doc. 2) that was submitted along with

the complaint is not signed by either inmate.  Furthermore, neither of them has filed a certified

copy of their prison trust fund account statement, as required.  Plaintiffs will be granted a brief

period of time within which to either pay the filing fees or file motions for pauper status

(accompanied by the required trust fund statements).  In the interim, the Court will proceed with

the required preliminary review of the complaint, which is necessary whether the filing fees are

paid or pauper status is granted.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  If at the expiration of the

prescribed deadline the fee issue has not been resolved relative to either plaintiff, that plaintiff

will be dismissed from this action without prejudice, *and* the full $400 filing fee will be collected

pursuant to the procedure set forth in Section 1915(b)(2).

### The Complaint

Plaintiffs Hilliard and Harris contend that they and the other inmates at Vandalia

Correctional Center are being exposed to mold, mildew, dust, chipping paint, and asbestos-

covered pipes.  Harris sleeps beneath an old, rusty heater and poorly patched ceiling.  Harris is

described as having a "skin irritation" caused by these conditions.  Plaintiffs have purportedly

tried to contact Warden Luth to secure relief, to no avail.  A grievance was also submitted,

requesting to speak to S.A. Godinez, Director of the Illinois Department of Corrections.

Plaintiffs ask the Court to "step in" relative to the conditions of their confinement; they

also request that they be transferred out of Vandalia Correctional Center.  Harris and Hilliard

also pray that they be "justly compensated for being exposed to unhealthy[,] hazardous

conditions."

Based on those allegations, the Court construes the complaint as asserting the following

overarching claim:

**Count 1:  Director Godinez and Warden Luth, individually and in their
official capacities, have subjected Plaintiff to unhealthy conditions**

**of confinement that amount to "cruel and unusual punishment,"
in violation of the Eighth Amendment.**

The complaint contains additional information regarding the prison law library being closed, and Plaintiff Hilliard having "mental health problems." The Court does not construe those allegations as being a part of the "conditions of confinement" claim, but instead as bearing some relation to Plaintiffs' *pro se* status. Any intended claim based upon those facts should be considered dismissed without prejudice.

## Discussion

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment.  It has been a means of improving prison conditions that were constitutionally unacceptable.  *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).  As the Supreme Court noted in *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981), the amendment reaches beyond barbarous physical punishment to prohibit the unnecessary and wanton infliction of pain and punishment grossly disproportionate to the severity of the crime.  *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).  The Constitution also prohibits punishment that is totally without penological justification.  *Gregg*, 428 U.S. at 183.

Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety.  *Rhodes,* 452 U.S. at 346; s*ee also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992).  Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir.1988).  However, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter,* 501 U.S. 294, 304 (1991).

The complaint generally states a colorable Eighth Amendment claim under the notice pleading standard, at least relative to the alleged conditions of confinement, which may combine to endanger Plaintiffs' health.  *See Vance v. Rumsfeld*, 701 F.3d 193, 205-06 (7th Cir. 2012)

(citing *Wilson v. Seiter,* 501 U.S. 294, 304 (1991) (holding that conditions of confinement may establish an Eighth Amendment violation in combination, even if each might not suffice alone, if they have "a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise")).  Nevertheless, further discussion is warranted.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  As a result, the *respondeat superior* doctrine—supervisory liability—generally does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).  "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police,* 251 F.3d 612, 651 (7th Cir. 2001).  *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).  But no policy or practice attributable to Director Godinez or Warden Luth is alleged here.  No personal involvement on the part of Warden Luth outside the grievance process is alleged.  The same can be said of Director Godinez.  The Warden and the Director cannot be held liable based solely on their involvement in the grievance process. *See Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009).  Thus, in terms of individual liability, the complaint fails to state a claim against Director Godinez or Warden Luth in their individual capacities.

Absent any individual liability, a warden can still be liable in his official capacity, but only for purposes of securing injunctive relief. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011); *Delaney v. DeTella*, 256 F.3d 679, 687 (7th Cir. 2001). The Eleventh Amendment bars official capacity claims for monetary damages. *Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005). Consequently, no relief is available against Director Godinez, and he shall be dismissed as a defendant in both his individual and official capacities. Plaintiffs' Eighth Amendment claim shall proceed only against Warden Luth in his official capacity and only for purposes of securing injunctive relief.

## Disposition

**IT IS HEREBY ORDERED** that, on or before **March 27, 2015**, Plaintiffs Harris and Hilliard shall each either: (1) pay the $400 filing fee in full; or (2) file a motion for leave to proceed *in forma pauperis*, accompanied by a certified trust fund statement obtained from the Trust Fund Officer at Vandalia Correctional Center, and a copy of his trust fund account statement (or institutional equivalent) for the period from June 5, 2014, through January 5, 2015. Failure of a plaintiff to either pay the full filing fee or properly move for pauper status by the prescribed deadline will result in that plaintiff's dismissal from this case without prejudice. If both of the plaintiffs fail to properly tend to the fee issue, this action will be dismissed without prejudice, judgment shall enter, and the case will be closed.

The Clerk is **DIRECTED** to mail each Plaintiff a blank form motion for leave to *proceed in forma pauperis* and the certification form. The Clerk is **FURTHER DIRECTED** to mail a copy of this order and the certification forms to the Trust Fund Officer at Vandalia Correctional Center.

**IT IS FURTHER ORDERED** that Defendant **S.A. GODINEZ** is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Defendant **JAMES LUTH** is **DISMISSED** in his individual capacity, and all claims against him for monetary relief are **DISMISSED**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall otherwise **PROCEED** against Defendant **JAMES LUTH** in his official capacity, only for purposes of injunctive relief.

The Clerk of Court shall prepare for Defendant **JAMES LUTH (in his official capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiffs.

If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiffs, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiffs shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court,

as detailed in the Court's order dated January 28, 2015 (Doc. 5).  Plaintiffs shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant Luth is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including consideration of Plaintiffs' motion for counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiffs, and the judgment includes the payment of costs under Section 1915, Plaintiffs will be required to pay the full amount of the costs, notwithstanding that one or both of them may been granted pauper status.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiffs are **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicants and their attorney(s) were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiffs and remit the balance to Plaintiffs.  Local Rule 3.1(c)(1).

Finally, Plaintiffs are **ADVISED** that they are each under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate their whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  February 25, 2015**

                                                 _____
                                                 **NANCY J. ROSENSTENGEL**
                                                 **United States District Judge**