IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON D. HILLIARD and<br>DENZEL L. HARRIS,<br><br>    Plaintiffs,<br><br>vs.<br><br>JAMES LUTH,<br><br>    Defendant. | )<br>)<br>)<br>)<br>) Case No. 15-CV-05-NJR-DGW<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

  Plaintiffs Deon D. Hilliard and Denzel L. Harris brought this action pursuant to 42 U.S.C. §1983 alleging they are subjected to unconstitutional conditions of confinement while incarcerated at Vandalia Correctional Center. After this Court's initial screening of Plaintiffs' complaint, the undersigned determined that Plaintiffs could proceed in this action on one count against Warden James Luth, in his official capacity for purposes of securing injunctive relief, for subjecting Plaintiffs to unhealthy conditions of confinement in violation of the Eighth Amendment (Doc. 6). On May 27, 2015, Defendant James Luth filed a motion to dismiss Plaintiff Denzel Harris's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 24). For the reasons set forth below, Defendant's Motion to Dismiss is granted.

### FACTUAL BACKGROUND

  Plaintiffs filed this action on January 5, 2015, while both were incarcerated at Vandalia Correctional Center ("Vandalia"). Plaintiffs allege that they, along with other

inmates at Vandalia, are exposed to mold, mildew, dust, chipping paint, and asbestos-covered pipes. Harris specifically complained that he sleeps beneath an old, rusty heater and poorly patched ceiling, which have caused a "skin irritation." In their Complaint, Plaintiffs ask the Court to "step in" to address the conditions of their confinement. Further, Plaintiffs ask the Court to be transferred out of Vandalia and pray that they be "justly compensated" for being exposed to unhealthy and hazardous conditions. As Plaintiffs failed to allege personal responsibility on the part of any individual, the Court dismissed any claim for compensatory or monetary damages and determined that Plaintiffs could proceed in this litigation only against Defendant Warden Luth in his official capacity for purposes of securing any injunctive relief.

In his motion to dismiss, Defendant Luth contends that Harris's complaint should be dismissed as he has recently been paroled and is currently serving his Mandatory Supervised Release ("MSR"). Defendant Luth contends that because Harris is no longer incarcerated at Vandalia, his claims in this action, which afford only injunctive relief, are now moot and, as such, his claim against Defendant Luth should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Harris did not respond to Defendant Luth's motion to dismiss.

## LEGAL STANDARD

Pursuant Federal Rule of Civil Procedure 12(b)(1), an action may be dismissed by motion for lack of subject-matter jurisdiction. "Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area*

*School Dist.*, 475 U.S. 534, 541 (1986) (citation omitted). As the jurisdiction of federal courts is limited to actual "cases" and "controversies," the Supreme Court has long recognized the federal judicial power exists only to redress an injury to the complaining party. *Banks v. Sec'y of Indiana Family and Social Services Admin.*, 997 F.2d 231, 237 (7th Cir. 1993) (citations omitted); *Bender*, 475 U.S. at 541 (citation omitted). The doctrine of mootness stems from this limit on the federal court's jurisdiction. *Damasco v. Clearwire Corp.*, 662 F.3d 891, 894 (7th Cir. 2011). The mootness doctrine requires that parties possess "a personal stake in the outcome at all stages of the litigation." *Id.* at 895. "A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties." *Aslin v. Financial Indus. Regulatory Auth., Inc.*, 704 F.3d 475, 477 (7th Cir. 2013). In other words, it is well established that federal courts lack subject matter jurisdiction when a case becomes moot. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011).

## DISCUSSION

Defendant Luth contends that Harris's claim in this lawsuit has become moot as he is no longer incarcerated at Vandalia. The Court agrees. The Seventh Circuit Court of Appeals has held that when a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, his claim is moot unless the prisoner can demonstrate that he is likely to be transferred back to the offending prison. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) (citation omitted); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988). Any allegations of a likely retransfer must be based on more than mere speculation.

*Higgason*, 83 F.3d at 811 (citation omitted).

Harris is no longer incarcerated at Vandalia. Although the docket sheet in this matter indicates that Harris is currently incarcerated at Vienna Correctional Center, a review of the IDOC's website indicates that he is currently on parole and his parent institution is Vienna.[1] As such, it does not appear likely that Harris will be retransferred to Vandalia. Because Harris's claim in this matter is related only to the conditions of confinement at Vandalia, an institution where he is no longer incarcerated, and he was moving forward only on a claim for injunctive relief, his claim in this lawsuit is now moot and must be dismissed.

The Court further notes that dismissal of Harris's claim is proper for another reason—he has failed to update his address with the Court. Plaintiff was informed on more than one occasion of his continuing obligation to keep the Clerk of Court informed of any change in his address and that his failure to do so may result in dismissal of his case (Docs. 4, 6, 30). Local Rule 3.1(b) also outlines this continuing obligation, as Plaintiff is proceeding *in forma pauperis*. The Court was informed in July 2015, that Harris had been released from prison. An Order was entered reminding Harris to update his address with the Court (Doc. 30). Plaintiff has not yet done so and documents mailed to him have been returned as undeliverable (Doc. 31). In short, the Court has not heard from Harris in over six months.[2] The Court finds that Plaintiff has failed to comply with its orders, failed to comply with the Local Rules, and failed to prosecute this matter. Consequently, his claims can be dismissed pursuant to Rule 41(b). FED. R. CIV. P. 41(b);

---

[1] This Court may take judicial notice of the accuracy of the IDOC's inmate search function. *See* FED. R. EVID. 201. *See also Denius v. Dunlap*, 330 F.3d 919 (7th Cir. 2003).
[2] Harris last filed a document with the Court on April 10, 2015 (Doc. 15).

*see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005).

## CONCLUSION

The Motion to Dismiss filed by Defendant James Luth on May 27, 2015 (Doc. 24) is **GRANTED**. Plaintiff Denzel L. Harris is **DISMISSED with prejudice** from this matter.

**IT IS SO ORDERED.**

DATED:   November 2, 2015

> s/ Nancy J. Rosenstengel
> **NANCY J. ROSENSTENGEL**
> **United States District Judge**