IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEON D. HILLIARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-5-NJR-DGW |
| ) | |
| JAMES LUTH, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Doc. 71), Motion to Reply to Judgment (Doc. 72), and Motion for Phone Conference (Doc. 74). For the reasons set forth below, the Motions are **DENIED**; however, Defendant is **ORDERED** to file with the Court a notice indicating what initial disclosures he provided Plaintiff, as well as any written discovery received from Plaintiff and any responses provided thereto by **March 20, 2017**.

Plaintiff filed this action on January 5, 2015 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Vandalia Correctional Center ("Vandalia CC"). Following a screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on one claim against Vandalia CC Warden James Luth, in his official capacity only, for subjecting Plaintiff to unhealthy conditions of confinement that amount to "cruel and unusual punishment" in violation of the Eighth Amendment (*see* Doc. 6).

Pursuant to the Court's Scheduling and Discovery Order entered on December 8, 2015, discovery in this matter closed on September 30, 2016 and dispositive motions were due on

October 28, 2016 (Doc. 45). Defendant Luth was granted an extension of time to file his dispositive motion and said motion was filed on November 14, 2016 (Doc. 64). Plaintiff's response to Defendant's motion was due on December 19, 2016; however, the Court extended Plaintiff's response deadline to January 20, 2017 (Doc. 70). Plaintiff did not file a substantive response to Defendant's motion for summary judgment; rather, on January 23, 2017, Plaintiff filed the Motion to Strike and Motion to Reply to Judgment (Docs. 71 and 72) now before the Court. In these motions, Plaintiff sets forth a number of issues related to his inability to respond to Defendant's motion.

First, Plaintiff complains about Defendant's reliance on his deposition as it was not signed or approved by him. Plaintiff is advised that although he reserved signature and indicated he wanted to review the transcript of the deposition, he has not specified an inaccuracy in the transcript. Moreover, Plaintiff's testimony was sworn and the Court Reporter attested to the accuracy of the transcript. As such, the Court has no cause to doubt the accuracy of the transcript and Plaintiff's reservation of signature has no effect on the evidentiary value of his deposition testimony. Therefore, the transcript appears to comport with Federal Rule of Civil Procedure 30 and Plaintiff's complaints about the use of said transcript are unavailing.

Plaintiff also asserts that he is entitled to have the EPA "and any or all other help that's need[ed] to provide [him] with proof that all stated allegation in [his] complaint does exist" (Doc. 71, p. 1). More specifically, Plaintiff indicates that in order to prevail on his claim he needs legal assistance from this Court for the EPA to come to Vandalia CC and test for mold, mildew, asbestos, lead, and all other environmental toxins. Insofar as Plaintiff is seeking the Court's assistance in engaging in discovery and securing investigations of the living conditions at Vandalia CC, his request is **DENIED**. The Court is not a party to this lawsuit and does not assist with such

matters of discovery.

More generally, in the motions before the Court, Plaintiff complains about the lack of discovery he was able to engage in, complains that he does not have an attorney, and indicates that Defendants never disclosed the "things" he needed to prevail. As Plaintiff has failed to provide a substantial reason for the Court to reconsider its ruling denying his request for counsel, this request is **DENIED**. Insofar as Plaintiff lodges general complaints about his lack of discovery, the Court notes that discovery on the merits in this matter was open for more than nine months and, if Plaintiff was having issues with discovery, he could have filed a motion with the Court. As Plaintiff does not make a clear request to the Court in regards to his general discovery complaints, the Court finds that no ruling on this issue is necessary. The Court, however, takes notice of Plaintiff's complaint that Defendant never disclosed the "things" Plaintiff needs to prevail. Out of an abundance of caution, the Court **ORDERS** Defendant to file with the Court a notice explaining what initial disclosures he provided Plaintiff, as well as any written discovery received from Plaintiff and any responses provided thereto. Said notice shall be filed by **March 20, 2017**. Said Order does not constitute the relief Plaintiff seeks in his Motion to Strike (Doc. 71) or Motion to Reply (Doc. 72), as such, these Motions are **DENIED**.

In light of this Order, the deadline to respond to Defendant's motion for summary judgment is **VACATED**. The deadline will be reexamined following the filing of Defendant's Notice on March 17, 2017 (the Court acknowledges that the deadline for Plaintiff to file a response has passed; however, it is inclined to reset the deadline in light of Plaintiff's motions regarding issues with discovery).

With regard to Plaintiff's motion for phone conference, his motion is **DENIED**. The Court does not find it necessary to have a telephone conference at this time.

**IT IS SO ORDERED.**

**DATED: March 9, 2017**

**DONALD G. WILKERSON**
**United States Magistrate Judge**